**ERICKSON v. STOGNER et al.**

No. 10980.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 19, 1952.

Decided March 13, 1952.

Thomas S. Jackson, Washington, D. C. (appointed by this court), for appellant.

Robert C. Handwerk, Washington, D. C., with whom Frank E. Scrivener and Jordan R. Bentley, Washington, D. C., were on the brief, for appellee Green O. Stogner.

George Morris Fay, U. S. Atty. when the record was filed, and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., entered appearances for appellee United States of America.

Before EDGERTON, PROCTOR, and BAZELON, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant Cleona Lillie Stogner went through a marriage ceremony with Collie K. Stogner in South Carolina in February, 1942, though appellant was then the wife of one Barnhardt. For about two months, in North Carolina, appellant and Stogner lived together as husband and wife and were so known. Stogner was inducted into military service in April, 1942. He named appellant, described as his wife, principal beneficiary in his National Service Life Insurance policy. Appellant continued to live in North Carolina for about a year after Stogner was sent overseas. In March,

1943, while Stogner was overseas, appellant got a divorce from Barnhardt.

Stogner was brought back to the United States in September, 1943. Thereafter he was continuously hospitalized, sometimes in North Carolina, until his death on September 13, 1944. He had no fixed place of residence. He and appellant continued to hold themselves out as married to each other, but it is stipulated that she never actually lived in the towns or places where he was and that "the 'holding out' * * * was by each separately in the place and amongst the people where he or she from time to time resided or was hospitalized."

The question is whether the District Court was right in holding that appellant is not Stogner's "widow" and therefore is not entitled to collect his National Service Life Insurance. 38 U.S.C.A. § 802(g). Appellant concedes that if there was a valid common-law marriage it took place in North Carolina. It is, to say the least, doubtful whether North Carolina permits common-law marriage. State v. Wilson, 121 N.C. 650, 28 S.E. 416; Lynch, Social Security Encounters Common-Law Marriage in North Carolina, 16 N.C. Law Rev. 255. We need not determine that question, for it seems fairly clear that the facts of this case would not create a common-law marriage in any jurisdiction. Either cohabitation or at least an agreement presently to be husband and wife, after any impediment to marriage has been removed, appears to be everywhere required. Unlike Thomas v. Murphy, 71 App.D.C. 69, 107 F.2d 268, there was no cohabitation between appellant and Stogner after the impediment to marriage between them was removed.

Appellant argues that continuance of cohabitation after removal of an impediment should be unnecessary when it is impossible. If the parties had lived in the same community and acted as much as possible like husband and wife, this argument might deserve consideration. But, as the District Court pointed out, there is no evidence that they even saw each other after appellant got her divorce. There is no evidence that they even communicated with each other, directly or indirectly, in any way. There is no evidence that Stogner knew of the impediment and its removal. In these circumstances the " 'holding out' * * * by each separately" cannot be regarded as proof of an agreement. We need not consider whether an agreement, without more, would have been sufficient.

Affirmed.