Jo Anne CALDWELL, Appellant,

v.

Henry G. CALDWELL, Appellee.

No. 2136.

Municipal Court of Appeals for the District of Columbia.

Argued March 3, 1958.

Decided May 5, 1958.

John G. Saul, Washington, D. C., with whom John J. O'Brien, Washington, D. C., was on the brief, for appellant.

No appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant went through a marriage ceremony with appellee in September 1956 and some five months later brought this suit to annul the purported marriage on the ground that it was brought about by coercion. The case was not contested. Appellant's evidence indicated that in March 1953 she began living with appellee. In May 1956 he was convicted of stabbing a man in Norfolk, Virginia, and was given a twelve months' sentence. Apparently he escaped from jail the following August and returned to the District where appellant was then residing. According to her testimony he threatened her with bodily harm unless she remained with him. The marriage was performed in September and in October he was apprehended and returned to prison.

At the conclusion of her evidence the trial judge made no finding with respect to her claim that the ceremonial marriage was procured by coercion, but instead ruled that a valid common law marriage was entered into by the parties when they commenced living together in March 1953, and thus that he was without power to grant an annulment. Consequently, the only issue before us is whether such a common law marriage existed between the parties. We hold that it did not.

The parties began living together in Norfolk, Virginia, in March 1953. Thereafter they stayed in several places, including the District, until May 1956, but apparently for most of this period they resided in Virginia. While the District rec-

ognizes common law marriage,[1] Virginia does not,[2] and thus it seems doubtful that such a relationship came into existence here. Nevertheless, we need not finally resolve that question for it is clear that the evidence in this case does not support the finding of common law marriage.

■ At common law no particular ceremony was required in order to effect a valid marriage. The consent of the parties to live together as man and wife was sufficient.[3] If such a contract is entered into in secrecy, two indicia may be shown to raise a presumption of marriage, namely, cohabitation and reputation.[4] However, the presumption may be completely refuted by evidence that the parties never intended to enter into such a relationship.

■ In the instant case not only is there no evidence that the parties ever held themselves out as man and wife, but appellant specifically denies ever making any agreement to marry. Consequently, there was no evidence that a common law marriage was ever created here. As we have noted, the judge made no finding on appellant's claim that the ceremonial marriage was effected by coercion. He also expressed some doubts as to appellant's domicile but made no finding on this question either. Accordingly, the judgment will be reversed and the cause remanded for further consideration of these points and the entry of appropriate findings.

It is so ordered.

1. Hoage v. Murch Bros. Const. Co., 1931, 60 App.D.C. 218, 50 F.2d 983.

2. Offield v. Davis, 1902, 100 Va. 250, 40 S.E. 910.

3. Hoage v. Murch Bros. Const. Co., supra, n. 1.

4. Erickson v. Stogner, 1952, 90 U.S.App. D.C. 278, 195 F.2d 777.